IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO.   19-10725-KHK |
| ABRAMS LEARNING AND | ) |
| INFORMATION SYSTEMS, INC., | ) CHAPTER 11 |
| | ) |
| Debtor. | ) |

RESPONSE OF THE UNITED STATES OF AMERICA
TO MOTION FOR APPROVAL OF ASSUMPTION AND ASSIGNMENT OF CONTRACTS
AND SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS

The United States of America, by and through undersigned counsel, on behalf of its Department of the Army, General Services Administration and its Department of Veterans Affairs, hereby responds to the debtor's "Motion to Approve Assumption and Assignment of Contracts and Sale of Assets Free and Clear of Liens, Claims, and Interests Under 11 U.S.C. § § 105, 363, and 365 on an Expedited Basis" (Dkt. No. 130)(sometimes hereinafter referred to as the Motion).

STATEMENT

The Debtor is a consulting firm that develops and delivers training, planning and doctrine programs for government clients in homeland security, emergency management, military, academia and other commercial enterprise platforms.   Motion at page 2.   The Debtor reports numerous contracts with the United States of America, including contracts involving extremely sensitive future warfare and crisis command responsibilities with the United States military.

Robert K. Coulter
Assistant United States Attorney
VSB: 42512
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3745
Counsel for the United States of America

In the present Motion, the Debtor seeks Court approval to assume and assign numerous executory contracts with the United States of America and to sell certain assets free and clear of liens, claims and interests on an expedited basis.  *See Motion* at page 1.

The United States does not consent to the assumption and assignment until it has had an opportunity to determine whether such action would be in its best interests through the application of the normal government contracting process.   As set forth below, the consent of the United States is a mandatory prerequisite to approval of the assumption and assignment.

I. THE UNITED STATES OBJECTS TO THE
EXPEDITED CONSIDERATION OF THE MOTION

The United States objects to the expedited consideration of the Motion.   The instant motion was served upon counsel for the United States at the close of business on December 17, 2019, with a hearing scheduled for December 19, 2019.   Additional information regarding specific contracts and contracting officers was provided at approximately 8:00 p.m. on December 17, 2019.   This is simply insufficient time for counsel to consult with his clients, prepare a responsive position, and prepare for the hearing.[1]   The United States objects.

---

1 Moreover, the United States notes that the Motion does not appear to have been properly service upon the United States and its agencies as required by the Federal Rules of Bankruptcy Procedure.   *See* Fed. R. Bankr. P. 6006(a, c), 9014, 7004.   The United States objects thereto.   In re Takeout Taxi Holdings, Inc., 307 B.R. 525, 331 (Bankr. E.D. Va. 2004)(Mayer, J.), (citing Mullane v. Central Hanover Bank & Trust, 339 U.S. 306, 314 (1950)) (holding that "[s]trict compliance with procedural matters when presenting a motion to sell free and clear of liens and interests is especially important because the trustee is disposing of the secured party's collateral or a third party's interest in the property potentially without the consent of the secured party or the third party.").   *See also,* FAR 52.242-13, 48 C.F.R. § 52.242-13.   Service of a motion only upon the United States Attorney's Office simply does not suffice, practically or legally, as to the contracting agencies.   *See* U.S., Small Business Admin. v. Bridges, 894 F.2d at 112 (holding that notice or actual knowledge of one United States government agency will not be imputed to another agency; It is well established that "notice or knowledge of an Assistant United States Attorney cannot, as a general proposition, be imputed to the particular agency to which a debt is owing."); In re H. & C. Table Co., 457 F.Supp. 858, 859-660 (W.D. Tenn.1978) ("The United States is a monstrous government and one agency will not always know what another agency is doing."); United States v. Yale Transport Corp., 184 F.Supp. 42, 47 (S.D. N.Y. 1960) ("[N]otice of bankruptcy proceedings should be reasonably calculated to come to the attention of that branch of the Government familiar with the claims involved and which exercises functions with respect thereto . . . ."); U. S. v. Golenburg, 175 F.Supp. 415, 418 (D. Ohio 1959) (holding that imputing notice or knowledge from one government agency to another is obviously "unreasonable.").

    II.      GOVERNMENT CONTRACTS ARE NONASSUMABLE
AS A MATTER OF NONBANKRUPTCY LAW WITHOUT
THE CONSENT OF THE UNITED STATES

        A.      The Anti-Assignment Act, 41 U.S.C. § 15, Prohibits
Assumption of a Government Contract in Bankruptcy
<u>Without the Actual Consent of the United States of America</u>

Congress has provided that an executory contract may not be assumed or assigned where nonbankruptcy law restricts assignment and the non-debtor party does not consent thereto. The test adopted by Congress provides that an executory contract may not be assigned or assumed if:

> (A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from *** an entity other than the debtor or the debtor-in-possession *** and
>
> (B) such party does not consent to such assumption or assignment.

11 U.S.C. § 365(c)(1)(A-B).

An example of "applicable law" restricting assignments is found in the Anti-Assignment Act, 41 U.S.C. § 15. See <u>Tuftco v. United States</u>, 614 F.2d 740, 744 (Ct.Cl. 1980). That Act absolutely prohibits the assignment of a government contract without the government's consent:

> No [government] contract or order, or any interest therein, shall be transferred by the party to whom such contract or order is given to any other party and any such transfer shall cause the annulment of the contract or order transferred.

A similar issue of assumption arose in <u>In re TechDyn Systems Corp.</u> 235 B.R. 857 (Bankr. E.D. Va. 1999)(Mitchell, J.). The debtor had several contracts with the United States government to maintain and repair telecommunications networks at military bases. The debtor filed Chapter 11 and sought to use the contracts as the basis for its reorganization plans. The United States sought relief from the automatic stay to terminate the contracts. Applying the literal provisions of 11 U.S.C. 365(c)(1) the Court held that a debtor may not assume or assign an executory

3

contract if 'applicable law' excuses a party from accepting performance from an entity other than the debtor or the debtor in possession. Techdyn, 235 B.R. at 861. In Techdyn, the Bankruptcy Court found that the Anti-Assignment Act, 41 U.S.C. §15, constituted applicable non-bankruptcy law that prohibited the assumption of the contracts at issue. *See also,* In re West Electronics, Inc., 852 F.2d 79 (3d Cir. 1988); In re Catapult Entertainment, Inc., 165 F.3d 747 (9th Cir. 1999)(nonassumption under federal patent law); In re James Cable Partners, 27 F.3d 534 (11th Cir. 1994); In re Catron, 158 B.R. 629 (E.D. Va. 1993)(holding that §365(c)(1) precluded assumption of a partnership agreement because the contract was not of a type that could be assigned and because debtor in possession was a separate legal entity from the prepetition debtor), *aff'd in an unpublished opinion,* 25 F.3d 1038 (4th Cir. 1994).

Simply stated, the Debtor may not assume contracts with the United States without the government's consent, and the United States does not, at the present time and with the present information available to it, consent in the case at hand. The United States asserts that the assignment should be required to proceed through the normal government contract process of novation that is applicable outside of bankruptcy.

In support of its motion the debtor cites to a non-bankruptcy court opinion, involving the government procurement process: Lyons Security Services, Inc. v. United States, 38 Fed. Cl. 783 (1997). There are several problems with the application of this case to the matter at hand. First, Lyons Security Services, Inc. held that the contracting officer's decision to terminate a Government contract awarded to a low bidder, which had been sold to another company prior to contract award, was an "abuse of discretion" under the Administrative Procedures Act, 5 U.S.C. § 706. The decision did not involve the right to assume and assign a government contract under

the Bankruptcy Code, nor did it even involve the integrity of a determination of the government to refuse service of an assigned contract.   Rules under the bidding/procurement process are far different than those that this court must apply in determining whether to approve an assumption, assignment, and sale free and clear of interest.

Second, Lyons Security Services, Inc. involved the transfer of a contract bid as "incident to the sale of an entire business."   Lyons Security Services, Inc., 38 Fed. Cl. at 786.   Key to the Court's decision was the precedent of the Government Accounting Office that:

> The transfer or assignment of rights and obligations arising out of a bid or proposal is permissible only where the transfer is to a legal entity which is the **complete successor in interest** to the bidder or offeror by virtue of merger, corporate reorganization, the sale of an entire business or the sale of an entire portion of a business embraced by the bid or proposal.

Lyons Sec. Services, Inc. 38 Fed. Cl.at 786 (emphasis added).   Indeed, the rationale for this provision is easily understood: the successor entity is the exact same entity with the exact same capabilities, rights and responsibilities as the transferor entity.   The fact that this is not the case in the matter at hand is easily understood the very nature of the sales free and clear under Bankruptcy Coe §363: the purchaser is, by statute and court order, not the same entity, and does not want to be considered that same entity as the Debtor.   The purchaser is not assuming the debtor's liabilities under the contracts, which may be substantial.   This is the essential element of a sale free and clear of all interests under § 363; the purchaser does not want to be considered to be the "complete successor in interest" of the Debtor.   This fact along makes Lyons Security Services, Inc., inapplicable to the matter at hand.   Furthermore, an analysis of the APA reveals that not all of the Debtor's assets (or liabilities) are being transferred to the purchaser, and indeed, some assets being transferred are done so under a license agreement, not an outright

5

transfer.   The facts of this case as well as the legal principle is distinctly different from those in

Lyons Sec. Services, Inc.

> B.  The Conclusion That a Debtor in Possession Lacks a
>     Cognizable Interest in a Government Contract Where the
>     Government Does Not Consent to Assumption Accords
>     with and Furthers the Purposes of the Anti-Assignment Scheme

The government, unlike private business, buys its goods under a structured and regulated scheme which is carefully governed by statute and regulation,[2] and can only protect itself by means of the anti-assignment provisions of 41 U.S.C. § 15.   Tuftco Corp., 614 F.2d at 744; Hobbs v. McLean, 117 U.S. 567 (1886).

The purpose of the Anti-Assignment Act is to secure to the United States the personal attention and services of the particular contractor and to allow government officials to know with whom they will be dealing throughout the period of contract performance.   In re Adana Mortgage Bankers, Inc., 12 B.R. 977, 984-85 (Bankr. N.D. Ga. 1980); Francis v. United States, 11 Ct. Cl. 638 (1875), *aff'd* Hobbs v. McLean, 96 U.S. 567 (1886).   In awarding a contract, the United States necessarily will have relied upon certain abilities of the successful bidder and will have made a judgment that the public interest will best be served if the contract is awarded to that particular bidder.   *See, e.g.*, Thompson v. C.I.R., 205 F.2d 73, 77 (3d Cir. 1953).

Interpreting the Bankruptcy Code to allow a debtor in possession assumption and assignment of government contracts without governmental approval not only would conflict with the plain language of the Code but frustrate the important legislative purposes served by the

---

[2] See, e.g., the requirements of 41 U.S.C. § 251 et seq. (Competition in Contracting Act) and 48 C.F.R. 3 et seq. (Federal Acquisition Regulations).

Anti-Assignment Act.  The bar against assignment and assumption protects the United States from contractual relationships with a contractor that has not passed the carefully mandated responsibility and integrity provisions of the Federal Acquisition Regulations (FAR) and related procurement laws.[3]  The federal procurement process requires that the United States have the ability to control and administer its contracts.  Where, as in the case at hand, defense contracts are involved, given their critical importance to the United States, forcing the government to deal with contractors with which it does not wish to do business is the very sort of mischief Congress intended to preclude in enacting the Anti-Assignment Act.

In § 365 of the Bankruptcy Code, Congress recognized that the purposes served by the Anti-Assignment Act remain paramount to the policy of giving a contractor a second chance through reorganization under Chapter 11; the debtor in possession does not have a right to assume a government contract unilaterally.  *See* In re Pioneer Ford Sales, Inc., 729 F.2d 27, 29 (1st Cir. 1984)(holding that § 365(c)(1)(A) refers not only to personal service contracts but "*generally* to contracts that are not assignable under nonbankruptcy law" (emphasis in original)); In re Braniff Airways, Inc., 700 F.2d 935, 943 (5th Cir. 1983)(holding that §365(c) prohibited assumption of a lease on a terminal at Washington National Airport and its subsequent assignment without FAA approval.

The assumption, assignment and sale of the Debtor's contract rights with the United

---

[3] Permitting nonconsensual contract assumption forces the government to work with contractors which the government would not choose.  If government contracts were unilaterally assumable in bankruptcy, contracting officers may well be inclined toward prematurely terminating a contract rather than working with a contractor in financial difficulties.

States on an expedited basis and free and clear of all interests, deprives the United States of that important statutory right to know and approve with whom it is doing business.  The Court should approve the sale, assumption and assignment subject to the novation of such contacts by the United States only pursuant to normal government contracting procedures.

                Respectfully submitted,

                G. ZACHARY TERWILLIGER
                United States Attorney


       By:   /s/ Robert K. Coulter
                Robert K. Coulter
                Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify a copy of foregoing will be filed with the United States Bankruptcy Court electronically in the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that on this date I have served the foregoing Response upon all interested parties to this proceeding, by causing true and correct copies thereof to be

Bradley D. Jones
Email: Brad.Jones@ofplaw.com

Alexander McDonald Laughlin
Email: alex.laughlin@ofplaw.com

Joseph Guzinsky
Joseph.A.Guzinski@usdoj.gov

Date:    February 14, 2003

/s/ Robert K. Coulter
ROBERT K. COULTER